## APPLICATION TO SET ASIDE DECREE OF DIVORCE FOR LACK OF NOTICE.

Circuit Court of Lucas County.

JOSIE CASTO v. JOHN CASTO.*

Decided, April 6, 1907.

*Divorce and Alimony—Decree Granted on Service by Publication—Application to Set Aside under Section 5355—Proceedings in Error Following Overruling of Application—Bill of Exceptions Necessary.*

Where, upon an application to set aside a decree of divorce on the ground that the party filing the application had no actual notice of the pendency of the action against her, service having been had by publication, the court finds against such claim, the appellate court can not determine whether or not the question was correctly decided, unless a bill of exceptions containing the evidence submitted in support of the application is filed with the record.

PARKER, J.; HAYNES, J., and WILDMAN, J., concur.

Error to common pleas court.

John Casto brought suit in the court of common pleas against his wife, Josie Casto, to obtain a divorce on the ground of her adultery. Service upon her was obtained by publication; the allegations of the petition were found to be true and the divorce was granted, and in pursuance of the statute providing therefor her right to dower in the property of John Casto was denied and cut off. At a subsequent term of court she filed an application for the setting aside of the judgment, so that she might be let in to defend, and she set forth in her motion and in the affidavit filed therewith, among other things, that she had no actual notice of the pendency of the action until after the decree and after the term at which it was entered, and that she had no opportunity to appear and make a defense. This motion was denied by the court below, and Josie Casto prosecutes error in this court to that order.

* For a further holding in the same matter see opinion immediately following.

It is contended on behalf of the defendant in error that such proceedings after judgment is not authorized in divorce cases; that it is against the policy of the law to set aside a decree for divorce upon such grounds, and that Section 5355, Revised Statutes, under which the plaintiff in error proceeded in the court below, has no application to cases under the chapter on Divorce and Alimony, even though service is by publication, as provided in Section 5693, Revised Statutes, of that chapter. But we do not see that that question is properly brought before us for consideration and decision; there is no bill of exceptions showing what the evidence was that was submitted to the court upon that motion.

Even if the plaintiff in error might proceed under Section 5355, Revised Statutes, to have the case opened up to and be let in to defend because the service was by publication, she must show, upon the hearing of such application, or, to quote the language of the statute, she must make it appear to the satisfaction of the court, that during the pendency of the action she had no actual notice thereof in time to appear in court and make her defense. In her application she recognizes this. In her affidavit—looking at that for the purpose of ascertaining her view of the matter—it is apparent that this necessity was recognized; but whether she had actual knowledge of the pendency of the suit concurrently therewith was a controverted question in the court below, and there is no bill of exceptions here bringing up the evidence. Affidavits are attached to the record, but we are not authorized to look at and consider or weigh them, and undertake to determine what they show or prove.

Counsel for plaintiff in error said, in his brief, that no bill of exceptions was necessary, since the action of the court below was based solely on legal propositions, to-wit, that this motion or application for leave to defend could not be entertained by the court, because in an action for divorce Section 5355, Revised Statutes, did not apply. But, from the journal entry, that appears to be an incorrect statement.

A counter-motion was filed on behalf of John Casto to strike the motion or application of plaintiff in error before mentioned

from the files, but when the matter came on to be heard, as the journal entry recites. it was heard upon the motions ''and the proofs, and the court being fully advised in the premises, is of the opinoin that said motion of said heirs of John Casto, deceased, should be and the same hereby is granted and said motion of said Josie Casto is hereby overruled and stricken from the files of the case.'' It would have been sufficient if the journal entry had set forth that the matter was heard upon the proofs and the motion of Josie Casto was overruled, and the addition—that the motion was stricken from the files after it was overruled—was idle. To sustain the motion to strike from the files, was quite unnecessary; but the important fact appears in the journal entry, i. e., that the motion was heard upon the proofs and was overruled. Therefore the question of fact as to whether Josie Casto was advised of the pendency of this action and had due knowledge of it during its pendency, was before the court and was determined against her; and for this court to determine whether or not the question was correctly resolved in the court below, a bill of exceptions incorporating the evidence is necessary. Counsel says, in his brief:

''However, should the court be of opinion that any alleged testimony should be before this court, the same is before the court in view of the holding of the court in the recent case of *Pullman Co.* v. *Washington.* The court has, in substance, laid down the rule that whenever papers are filed in the common pleas court, and thereafter in a reviewing court, the reviewing court will treat them as in the case. By reference to the transcript from the court of common pleas, it appears that all affidavits which were filed in the lower court are attached to and filed with the papers in this court. The necessity, therefore, of a formal bill of exceptions no longer exists, and this court will, of course, take judicial notice of all papers which appear with the files in this case.''

We are at a loss to know how this most extraordinary statement should be regarded—whether as a sarcastic reference to the former decision of this court in the case of *Pullman Co.* v. *Washington, supra,* or as an attempt at humor. In the case of *Pullman Co.* v. *Washington,* there was a bill of exceptions, properly signed

and filed. Certain depositions were referred to as exhibits and attached to the bill of exceptions, but they were not manually attached to the bill; they were, however, brought up with the record and were attached to the journal entries and other papers. We found that they were so clearly and distinctly identified as the exhibits referred to in the bill of exceptions, that they should be regarded as constructively attached—following, as we believe, the rule laid down by the Supreme Court in the case of *Swarl* v. *Dock Co.*, 69 Ohio St., 574. It will be seen at a glance that the question there and that here are as different as daylight from darkness.

It is entirely clear that this contention is not worthy of serious consideration since it is founded on a proposition of law that is quite untenable.

The judgment of the court below will be affirmed.

*Templeton & Templeton* and *C. A. Thatcher*, for plaintiff in error.

*E. E. Davis*, contra.

---

## OPENING DECREE OF DIVORCE TO SET ASIDE SERVICE BY PUBLICATION.